**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN JOSE MIRANDA-GODINEZ, AKA Juan Miranda, AKA Juan Jose Miranda, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 14-71485 <br><br> Agency No. A036-421-357 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 28, 2016**
San Francisco, California

Before: PAEZ, CLIFTON, and OWENS, Circuit Judges.

Petitioner Juan Jose Miranda-Godinez petitions for review of a decision of

the Board of Immigration Appeals (BIA) determining that Miranda-Godinez's

conviction for arson under California Penal Code § 451(d) was an "aggravated

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

felony" within the meaning of 8 U.S.C. § 1101(a)(43)(F). Specifically, the BIA determined that Miranda-Godinez's arson conviction constituted a "crime of violence" under 18 U.S.C. § 16(b).

However, as the Attorney General concedes, our recent decision in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), controls the outcome of this case. In *Dimaya*, we adhered to the rationale articulated in *Johnson v. United States*, 135 S. Ct. 2551, 2558 (2015), where the Court held that the definition of a "violent felony" in the residual clause of the Armed Career Criminal Act was unconstitutionally vague. We held that similar language in 18 U.S.C. § 16(b), as incorporated into 8 U.S.C. § 1101(a)(43)(F)'s definition of a "crime of violence," is also unconstitutionally vague. *See Dimaya*, 803 F.3d at 1111. We are bound by this precedent, which does not support the BIA's determination.

The petition for review is **GRANTED** and we **REMAND** to the BIA for termination of removal proceedings.